UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD LEE SCOTT,

    Petitioner,

v.                                                  CASE NO. 6:17-cv-363-Orl-28GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner Richard Lee Scott filed a Petition for Writ of Habeas Corpus ("Petition," Doc. 1) pursuant to 28 U.S.C. § 2254, alleging six claims of ineffective assistance of counsel.[1] Respondents filed a Response to the Petition ("Response," Doc. 6) in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts*. Petitioner filed a Reply to the Response. ("Reply," Doc. 7). For the following reasons, the Petition is denied.

### I.    Procedural History

Petitioner was charged by information in the Florida Circuit Court with conspiracy to traffic in cocaine. (Doc. 6-2 at 16). Petitioner entered a guilty plea, and the State agreed to recommend a nineteen-year prison sentence followed by five years of probation; the

---

[1] In his Reply, Petitioner concedes that Claims Four and Six are unexhausted and procedurally barred. (Doc. 7 at 2). Therefore, the Court will not address these claims.

recommendation was contingent upon Petitioner providing substantial assistance to law enforcement. (*Id.* at 22-24, 31-34). Petitioner later filed a motion for leave to withdraw his plea pursuant to Rule 3.170(f) of the Florida Rules of Criminal Procedure. (*Id.* at 25-26). The trial court held an evidentiary hearing on the motion, after which it denied relief. (*Id.* at 57-267). The trial court then sentenced Petitioner to a nineteen-year term of imprisonment followed by five years of probation. (*Id.* at 48-52). Petitioner appealed, and Florida's Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam*. (*Id.* at 340).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (*Id.* at 344-69). The trial court summarily denied the motion. (*Id.* at 382-85). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 482).

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the

2

holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

The first task of a federal habeas court is to identify the highest state-court decision that adjudicated the claim on the merits. *See Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court recently stated that a court should "look through" any unexplained decision "to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192, (2018). The presumption may, however, be rebutted by showing that the higher state court's adjudication most likely relied on "different grounds than the lower state court's decision, such as alternative grounds . . . that were briefed or argued" to the higher court or "obvious in the record it reviewed." *Id.* at 1192.

If the claim was adjudicated on the merits, § 2254 provides "two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, 529 U.S. at 409.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

3

state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.  Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of

4

> hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. ANALYSIS

#### A. Claim One

Petitioner alleges that trial counsel was ineffective for failing to "properly raise claims in [the] motion to withdraw plea." (Doc. 1 at 5). In support of this claim, Petitioner contends that counsel failed to "argue relevant issues" and provided the trial court with "inapplicable case citation" to support his claims. (*Id.*). Petitioner states that after the trial court gave counsel an opportunity to cite relevant case law, "counsel still failed to present supporting law." (*Id.*).

Petitioner raised this claim in his Rule 3.850 motion, and the trial court concluded that it was not a cognizable claim for ineffective assistance of counsel. (Doc. 6-2 at 383). The trial court noted that "[t]he issue of voluntariness of the plea was raised, presented, and denied on its merits" and the "denial of the motion was or could have been raised on direct appeal, and if there existed more applicable case law, the appellate court could have considered it." (*Id.*). The Fifth DCA affirmed *per curiam.* (*Id.* at 482).

5

Petitioner has not demonstrated that he is entitled to relief on this claim. Petitioner moved to withdraw his plea, arguing that (1) counsel did not review or discuss discovery materials with him, and (2) he did not understand the terms of the substantial assistance agreement, which resulted in the involuntary entry of the plea. (*Id.* at 25-26). At the evidentiary hearing on the motion to withdraw plea, defense counsel cited Florida case law and argued at length that pursuant to Rule 3.170(f) of the Florida Rules of Criminal Procedure, Petitioner was entitled to withdraw his plea. (*Id.* at 80-85). The trial court discussed the cases cited by the parties and whether they were relevant to the facts at issue. (*Id.* at 88-96). There is no indication that counsel provided "inapplicable" case law or that he failed to raise relevant arguments. The trial court continued the matter, and at the final hearing, defense counsel presented in depth arguments regarding why the motion to withdraw should be granted and supported his arguments with relevant caselaw. (*Id.* at 234-47).

Petitioner does not assert any detailed arguments or case law that counsel should have presented in support of the motion to withdraw plea. Petitioner's conclusory and unsupported claim does not warrant relief. *See Tejeda v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (stating vague, conclusory, speculative and unsupported claims cannot support relief for ineffective assistance of counsel). The state court's denial of this claim was not contrary to, or an unreasonable application of, clearly established federal law. Accordingly, Claim One is denied pursuant to § 2254(d).

B.  Claim Two

Petitioner alleges that trial counsel was ineffective for failing to properly argue that the State breached the plea agreement. (Doc. 1 at 7). In support of this claim, Petitioner argues that the plea agreement was breached because Agent Creamer required him to perform acts that were not contained in the substantial assistance agreement, such as wearing a wire and conducting audio surveillance. (*Id.*). Petitioner raised this claim in his Rule 3.850 motion, and the trial court summarily denied the claim, concluding that the plea agreement was not breached. (Doc. 6-2 at 384). The Fifth DCA affirmed *per curiam*. (*Id.* at 482).

The record reflects that the State did not breach the plea agreement, and therefore, counsel did not act deficiently in failing to make such an argument. The plea agreement notes that Petitioner is entering a plea to conspiracy to traffic in cocaine and references the substantial assistance agreement regarding the agreed upon sentence. (*Id.* at 22). The substantial assistance agreement provides that if Petitioner identifies any accomplices or co-conspirators, testifies truthfully against such individuals, maintains contact with Agent Creamer via telephone or in person meetings twice per week, and does not violate any additional criminal laws, that the State will recommend a nineteen-year sentence followed by five years of probation. (Doc. 6-2 at 31-32). The agreement also states that "[i]f the Defendant chooses to provide further substantial assistance" that results in prosecutable trafficking in cocaine cases, the State would recommend that Petitioner's sentence be further reduced. (*Id.* at 32-33).

7

Agent Creamer testified at the motion to withdraw plea hearing that at some point after entering the plea and substantial assistance agreement, Petitioner stopped working with him or communicating with law enforcement. (*Id.* at 224). It is clear that Petitioner failed to comply with the terms of the substantial assistance agreement. Moreover, to the extent that Petitioner asserts that Agent Creamer's requests to wear a wire and conduct audio surveillance fall outside the substantial assistance agreement, his claim fails. These requests were in conjunction with Petitioner's attempts to provide additional assistance that would result in prosecutable trafficking cases. Agent Creamer noted that the issue of wearing a wire or conducting audio surveillance was not part of the substantial assistance agreement because the issue did not come up until after the agreement was entered. (*Id.* at 232).

The record reflects that neither the State nor law enforcement breached the plea or substantial assistance agreement. Thus, defense counsel did not act deficiently in failing to argue that a breach occurred, nor was Petitioner prejudiced. Petitioner fails to show that but for counsel's actions, he would not have entered the plea and instead would have gone to trial, especially in light of the fact that he was facing a thirty-year sentence with a fifteen-year minimum mandatory term. Accordingly, Claim Two is denied pursuant to § 2254(d).

C.  **Claim Three**

Petitioner alleges that trial counsel was ineffective for failing to properly question his prior defense attorneys at the evidentiary hearing on the motion to withdraw plea.

8

(Doc. 1 at 8). Petitioner states that had counsel asked the attorneys about "their representations and duties performed or neglected" that the trial court would have granted the motion to withdraw plea. (*Id.*). Petitioner raised this claim in his Rule 3.850 motion, and the trial court denied the claim pursuant to *Strickland*, concluding Petitioner failed to demonstrate prejudice. (Doc. 6-2 at 383). The Fifth DCA affirmed *per curiam*. (*Id.* at 482).

Petitioner's claim is without merit. Defense counsel questioned prior defense attorneys Hyde and Fletcher on cross-examination regarding their representation of Petitioner and whether he understood the plea and substantial assistance agreement. (*Id.* at 139-71; 214-16). Petitioner's claim is conclusory because he has not provided additional questions that counsel should have asked the attorneys, nor has he shown how further questioning would have changed the outcome of the evidentiary hearing. *See Tejeda*, 941 F.2d at 1559. In denying the motion to withdraw plea, the trial court noted that it appreciated defense counsel's arguments and efforts made on behalf of Petitioner. (*Id.* at 264). However, the trial court essentially credited Hyde, Fletcher, and Agent Creamer's testimony and concluded that Petitioner understood the plea and substantial assistance agreement but "got cold feet" and was trying to "backpedal" and now allege that he did not understand the substance of the agreements. (*Id.* at 264-67). The state court's denial of this claim was neither contrary to, or an unreasonable application of, clearly established federal law. Accordingly, Claim Three is denied pursuant to § 2254(d).

D.  Claim Five

Petitioner argues that trial counsel was ineffective for failing to depose witnesses and discuss the case with him. (Doc. 1 at 16). Petitioner raised this claim in his Rule 3.850 motion, and the trial court summarily denied relief, noting attorney Fletcher testified that additional efforts to depose witnesses or further investigate the case would have resulted in the State withdrawing the plea. (Doc. 6-2 at 384). The trial court found that Fletcher had a reasonable basis to suspend further investigation into the case. (*Id.* at 384-385). The Fifth DCA affirmed *per curiam*. (*Id.* at 482).

Defense attorney Fletcher testified that he met with Petitioner and discussed the State's evidence against him. (*Id.* at 126). Fletcher testified that the State had initially offered a plea, and Petitioner had rejected it, but at Petitioner's request, he asked the prosecutor to reinstate the plea agreement. (*Id.* at 135). On cross-examination, Fletcher noted that he "went over discovery" with Petitioner but did not depose any witnesses. (*Id.* at 142). However, Fletcher testified that deposing witnesses would have potentially prejudiced the plea agreement. (*Id.* at 143). Fletcher explained that the State would have withdrawn the plea if the defense conducted additional discovery. (*Id.* at 143; 168-169; 384). Consequently, defense counsel had no basis to continue investigating the case because Petitioner agreed to enter the plea. No reasonable attorney would have conducted additional depositions or discovery in these circumstances. Petitioner fails to demonstrate that counsel's actions amount to deficient performance.

Furthermore, Petitioner cannot show that he was prejudiced by counsel's actions.

Petitioner received the benefit of entering the plea agreement—he received a nineteen-year sentence instead of a thirty-year term of imprisonment with a fifteen-year minimum mandatory term. The state court's denial of this claim was not contrary to, or an unreasonable application of, clearly established federal law. Accordingly, Claim Five is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Richard Lee Scott (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close the case.

**DONE AND ORDERED** in Orlando, Florida, on March 18, 2020.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 2/28
Richard Lee Scott
Counsel of Record